

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

January 13, 1976

The Honorable Bevington Reed
Commissioner
Coordinating Board
Texas College and
    University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H-762

Re: Authority of the
Coordinating Board, Texas
College and University
System, to control the
cost of construction
programs undertaken by
public colleges and
universities.

Dear Dr. Reed:

You have asked us:

> Does the Coordinating Board, Texas
> College and University System have
> the authority and the obligation
> under [Education Code] Section 61.058,
> as amended by Senate Bill 706, 64th
> Texas Legislature, 1975, to regulate
> the expenditure of funds in dealing
> with construction and rehabilitation
> projects in institutions of higher
> education?

You explain that "[t]he term 'regulate' in this question
refers to guiding the relationship of dollars to facilities
space toward an efficient ratio as determined by Coordinating
Board deliberation on each project."

Section 61.058 of the Texas Educaton Code, as amended
[Acts 1975, 64th Leg., ch. 676, p. 2055] reads (emphasis
added):

Sec. 61.058.  Construction Funds
and Development of Physical Plants

To assure efficient use of
construction funds and the orderly
development of physical plants to
accommodate projected college student
enrollments, the board shall:

(1)  determine formulas for
space utilization in all educational
and general buildings and facilities
at institutions of higher education;

(2)  devise and promulgate
methods to assure maximum daily and
year-round use of educational and
general buildings and facilities,
including but not limited to maximum
scheduling of day and night classes
and maximum summer school enrollment;

(3)  consider plans for selective
standards of admission when institutions
of higher education approach capacity
enrollment;

(4)  require, and assist the
public senior colleges and universities,
medical and dental units, and other
agencies of higher education in
developing, long-range plans for
campus development;

(5)  endorse, or delay until the
next succeeding session of the legislature
has the opportunity to approve or
disapprove, the proposed purchase of
any real property by an institution
of higher education, except a public
junior college;

(6)  develop and publish standards,
rules, and regulations to guide the
institutions and agencies of higher
education in making application for
the approval of new construction and
major repair and rehabilitation of
all buildings and facilities regardless
of proposed use;

(7) ascertain that the standards and specifications for new construction, repair, and rehabilitation of all buildings and facilities are in accordance with Chapter 324, Acts of the 61st Legislature, Regular Session 1969, as amended (Article 678(g) Vernon's Texas Civil Statutes); and

(8) approve or disapprove all new construction and repair and rehabilitation of all new buildings and facilities at institutions of higher education financed from any source other than ad valorem tax receipts of the public junior colleges, provided that:

(A) the board's consideration and determination shall be limited to the purpose for which the new or remodeled buildings are to be used and their gross dimensions to assure conformity with approved space utilization standards and the institution's approved programs and role and scope;

(B) the requirement of approval for new construction financed from other than appropriated funds applies only to projects the total cost of which is in excess of $100,000;

(C) the requirement of approval for major repair and rehabilitation of buildings and facilities applies only to projects the total cost of which is in excess of $25,000; and

(D) the requirement of approval or disapproval by the board does not apply to any new construction or major repair and rehabilitation project that is specifically approved by the legislature.

Subsection (8) specifically provides that when approving or disapproving new construction projects and repair and rehabilitation of buildings the Coordinating Board's consideration is limited to two factors. The Board may consider (1) whether the purpose of the building conforms to the institution's approved programs, role and scope, and (2) whether the gross dimensions of the building are consistent with the Board's space utilization standards and with the institution's approved programs, role and scope. There is no express or implied authority in subsection (8) for the Coordinating Board to specifically regulate the expenditure of funds for construction or rehabilitation projects. Of course, while the Board may not specifically regulate the expenditure of funds, its promulgation of space utilization standards and determination of an institution's programs, role and scope will necessarily have an indirect effect on the amount of funds which will be expended for construction and rehabilitation of buildings.

Your second question is:

If the response to question #1 is negative, does the Coordinating Board have the authority to consider cost as a factor in its approval or disapproval of institutional requests for new construction and/or major repair and rehabilitation projects?

As in the answer to your first question, subsection (8) specifically limits the factors the Board may consider in approving or disapproving construction and rehabilitation projects, and the factors listed do not include cost. Therefore, the Board may not utilize a cost consideration when considering the proposals submitted to it.

## S U M M A R Y

The Coordinating Board, Texas College and University System, does not have the authority to regulate the expenditure of construction funds or to consider cost as a factor in determining whether to approve or disapprove an institution's application for the construction, rehabilitation or repair of buildings or facilities at institutions of higher education. However, its promulgation of space utilization standards and determination of an institution's program, role and scope will indirectly affect the amount of funds expended for construction and rehabilitation of buildings.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb